IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL VEYSADA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11 C 4283 |
| | ) | |
| THE UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, the motion to dismiss is granted in its entirety.

**BACKGROUND**

Plaintiff Michael J. Veysada (Veysada) alleges that in October 2009, he was an inmate of the United States Federal Bureau of Prisons. On October 14, 2009, Veysada was allegedly being held at the United States Metropolitan Correctional Center (MCC) and was working in the prison kitchen facility. Veysada contends that the floor area in the kitchen facility had divots or holes in the flooring and was in

1

disrepair. According to Veysada, because of the flooring condition, a cart with pans of cooked chickens overturned and poured hot oil and grease on Veysada (Accident). Veysada also contends that after the Accident, prison officials failed to preserve or document the Accident area, and failed to complete an injury report or accident investigation. Veysada includes in his amended complaint state law negligence claims (Count I), and a spoliation of evidence claim (Count II). Defendants now move to dismiss all claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir.

2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

Defendants argue that the negligence claims are barred under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.* Defendants also argue that the spoliation claim should be dismissed since it is premised on the negligence claims.

I.  Negligence Claims

Defendants argue that Veysada's exclusive remedy for his state common law negligence claims is under the FTCA and that the claims are untimely.

A. Exclusive Remedy

Pursuant to 28 U.S.C. § 1346(b)(1), generally, "the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* In the instant action, Veysada alleges that he suffered an injury due to the negligent conduct of federal employees while acting within the scope of their employment. Thus, Veysada's exclusive remedy for the negligence claims exists in the FTCA.

B. Timeliness of Negligence Claims

Defendants argue that Veysada failed to bring the negligence claims within the limitations period set forth in the FTCA. Pursuant to 28 U.S.C. § 2401, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun *within six months* after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." *Id.* (emphasis added). For the purposes of the instant motion, the court

4

can consider the exhibits attached to the amended complaint. Fed. R. Civ. P. 10(c). Attached as an exhibit to the amended complaint is a letter sent by the U.S. Department of Justice, Federal Bureau of Prisons, dated November 10, 2010 (Letter). (11/10/10 Letter). The Letter indicates that Veysada filed an administrative claim regarding his alleged injury from the Accident. (11/10/10 Letter). In addition, the Letter informed Veysada that his claim for administrative review had been denied, but that he could file a claim for compensation for an inmate work-related injury through the Inmate Accident Compensation Act. The Letter also explained to Veysada how he could go about pursuing such a remedy and informed Veysada that if he was "dissatisfied with [the] agency's decision, [he could] file suit in an appropriate U.S. District Court no later than six months after the date of mailing of [the] notification." (11/10/10 Letter).

Veysada argues that the limitations period under 28 U.S.C. § 2401 was tolled pursuant to 28 C.F.R. 14.9(b), which provides that "[p]rior to the commencement of suit and prior to the expiration of the 6–month period provided in 28 U.S.C. 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request with the agency for reconsideration of a final denial of a claim under paragraph (a) of this section" and "[u]pon the timely filing of a request for reconsideration the agency shall have 6 months from the date of filing in which to

5

make a final disposition of the claim and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of a request for reconsideration." *Id.* Veysada did not file the instant action until June 23, 2011, more than six months after November 10, 2010.

Veysada contends that he filed a Request for Administrative Remedy on December 8, 2010 (Request), tolling the limitations period. However, the Request, which is also attached as an exhibit to the amended complaint, does not seek a reconsideration of the agency's denial of Veysada's tort claim. Veysada specified in the Request that he was filing the Request solely for the purpose of exhausting his administrative remedies before pursuing a civil action. (Request 1).

In addition, Defendants point out that although Veysada ultimately filed a second administrative claim regarding the Accident, the second claim was filed after the 6 month limitations period had already expired and would therefore not be covered by 28 C.F.R. 14.9(b). Thus, Veysada's negligence claims in this action are untimely. Nor has Veysada shown that equitable tolling is warranted in this instance. *See Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 451 (7th Cir. 1990)(explaining equitable tolling doctrines). In addition, even if the negligence claims were timely, the court notes, as Defendants have pointed out, that there is a comprehensive regulatory scheme, which provides inmates with an exclusive remedy for work-

related injuries. 28 C.F.R. 301.303; 301.319. Thus, the negligence claims brought in this action are improper for that reason as well. Therefore, based on the above, the motion to dismiss the negligence claims is granted.

II. Spoliation Claim

Defendants argue that the spoliation claim is based upon negligence and should be dismissed for the same reasons as the negligence claims. Veysada alleges that Defendants had a duty to preserve a record and evidence relating to the Accident and that Defendants breached that duty. Under Illinois law, a spoliation claim can be premised a on negligence claim. *See Urban v. United States*, 392 F. Supp.2d 1018, 1022 (N.D. Ill. 2005)(stating that "[i]n Illinois, an action for negligent spoliation of evidence can be stated under existing negligence law"); *see also Gawley v. Indiana University*, 276 F.3d 301, 316 (7th Cir. 2001)(indicating that spoliation claims are generally connected to the merits of the underlying substantive claims). Veysada concedes that the spoliation claim will survive only if the negligence claims survive in this action. (Resp. 12). Even if Veysada could show that Defendants failed to preserve a record or evidence as required, it would not affect the validity of the underlying negligence claims since the claims were untimely. Therefore, Defendants' motion to dismiss the spoliation claim is granted.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to dismiss is granted in its entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   June 28, 2012