# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4283 | **DATE** | 11/5/2012 |
| **CASE TITLE** | Michael J. Veysada (#02451-424) vs. C Linaweaver | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's pro se motions for reconsideration [42], [43] are denied. James Hanrath's motion to withdraw as appointed counsel [44] is granted. Noticed motion date of 11/06/12 is stricken.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

This matter is before the court on Plaintiff Michael Veysada's (Veysada) *pro se* motions. Veysada alleged in this case that he was an inmate of the United States Federal Bureau of Prisons, and was injured due to the condition of the floor at his place of incarceration. Veysada included in his amended complaint state law negligence claims and a spoliation of evidence claim. Defendants moved to dismiss all claims, arguing that the negligence claims were barred under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, and that the spoliation claim should be dismissed since it was premised on the negligence claims. On June 28, 2012, the court granted Defendants' motion to dismiss and terminated this case. On August 17, 2012, Veysada filed a *pro se* document. (DE 42). On October 22, 2012, Veysada filed another *pro se* document. (DE 43). Since Veysada is proceeding *pro se*, the court will liberally construe Veysada's filings as a motion for reconsideration.

In the first instance, the motion for reconsideration is untimely. However, even if the court considered the motion as timely, the motion is without merit. Veysada indicates in his filings that he wants the court to reconsider its June 28, 2012 ruling. However, Veysada fails to show that the court erred in any way in dismissing the instant action. Veysada also makes certain conclusory statements that Defendants

| STATEMENT |
|---|

"used trickery & Misconduct" and "Helped Plaintiffs' Counsel to Be [ineffective]." (DE 42, 2, 4). However, Veysada has not shown that Defendants engaged in any misconduct in this case.

Veysada also argues that he received ineffective assistance of counsel by his appointed counsel. This is a civil action and Veysada was not entitled to be represented by counsel in this matter. *See Johnson v. Doughty*, 433 F.3d 1001, 1019 (7th Cir. 2006)(stating that "prisoners enjoy no constitutional or statutory right to counsel in civil cases"). The court appointed Veysada counsel to assist him in this case, and it was only after the case was dismissed that Veysada has expressed his displeasure with his appointed counsel. Since Veysada accepted the assistance of his counsel, and this action was litigated, he is not entitled to a second bite at the apple merely because the case was not resolved in his favor. In addition, regardless of whether Veysada was entitled to have counsel, Veysada has not shown that his counsel failed in any way to effectively represent Veysada. Therefore, the motion for reconsideration is denied.

Veysada's appointed counsel has also filed a motion for leave to withdraw, contending that he has learned of the *pro se* filings by Veysada and that he cannot in good faith endorse such legal positions. This case was terminated on June 28, 2012, and the appointment of counsel ended with that termination or, at the latest, within the period for bringing a timely motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), which would have been twenty-eight days after the entry of judgment in his case. The period for filing a timely motion for reconsideration passed and the appointment of counsel ended at that point. Appointed counsel for Veysada was not expected to indefinitely represent Veysada in this terminated action. This case has not been reinstated and Veysada's *pro se* filings fail to show that this case should be reinstated. Therefore, the motion to withdraw is granted.